UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NADEL DIAZ VALDEZ,

    Plaintiff,

v.

VENGROFF WILLIAMS, INC.,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
<u>**INJUNCTIVE RELIEF SOUGHT**</u>

Plaintiff NADEL DIAZ VALDEZ ("Plaintiff") sues Defendant VENGROFF WILLIAMS, INC. ("Defendant") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

PAGE | **1** of **7**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

5. Defendant is a Florida corporation, with its principal place of business located in Sarasota, Florida.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. On or about February 26, 2018, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Medical Services").

10. A portion of the required Medical Services were provided by Hematology Oncology Associates (the "Creditor").

11. At the time the Creditor provided and/or rendered its (the Creditor's) respective Medical Services to Plaintiff, Plaintiff informed the Creditor that the injuries for which Plaintiff required medical treatment and/or services, i.e., the Medical Services, were due to an accident and subsequent injuries that occurred within the course and scope of Plaintiff's employment.

12. The Creditor charged a fee for the provision of its (the Creditor's) respective Medical Services (the "Consumer Debt").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13. The Consumer Debt arose from Plaintiff's work-related accident and injuries.

14. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

15. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

16. Defendant is a business entity engaged in the business of collecting consumer debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19. Defendant's "Consumer Collection Agency" license number is CCA9902616.

20. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

21. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

22. On a date better known to Defendant, Defendant sent a collection letter, internally dated November 26, 2018, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

23. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

24. The Collection Letter represents an action to collect a debt by Defendant.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e & § 1692e(2)(A)

25. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

26. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

27. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

28. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

29. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

30. As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter, however, causes the least sophisticated consumer to believe that he or she is otherwise responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendered by the Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

31. As such, by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, Defendant falsely misrepresented Plaintiff's obligation with respect to the Consumer Debt. For example, by and through the Collection Letter, Defendant wrongfully causes the least sophisticated consumer to falsely believe that he or she was responsible for the repayment of the Consumer Debt.

32. Thus, in light of the above, Defendant violated § 1692e and § 1692e(2)(A) of the FDCPA by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt.

33. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

   (a) Statutory damages as provided by 15 U.S.C. §1692k;

   (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

   (c) Any other relief that this Court deems appropriate under the circumstances.

### *COUNT II.* <br> **VIOLATION OF FLA. STAT. § 559.72(9)**

34. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

35. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

36. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this

chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

37. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

38. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

39. Here, Defendant knew that the Consumer Debt was the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Moreover, Defendant knew the Creditor could not collect or receive a fee from an injured employee within the state of Florida except as otherwise explicitly permitted by Florida statute, and Defendant knew that an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

40. Despite knowing that the Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Thus, in light of the above, Defendant violated § 559.72(9) of the FCCPA by mailing the Collection Letter to Plaintiff.

41. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under Fla. Stat. §559.77(2);

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: November 6, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:     (561) 236-8851
Fax:       (561) 431-2352

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:     (954) 966-0111

*COUNSEL FOR PLAINTIFF*